# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN L. DUTRA, | No.  2:24-CV-1145-DMC |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment was entered on September 15, 2025.  See ECF No. 17.  Pending before the Court in this closed case is Plaintiff's counsel's unopposed motion for an award of fees and costs under the Equal Access to Justice Act (EAJA) in the amount of $6,499.60.  See ECF No. 18.  Defendant has filed a statement of non-opposition.  See ECF No. 19.

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff is a prevailing party for EAJA purposes.  See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995).  Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issues on which the court based its remand.  28 U.S.C. § 2412(d)(1)(A); see id. at 569.  No presumption

1

arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail.  See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988).  The Commissioner's position is substantially justified if there is a genuine dispute.  See Pierce v. Underwood, 487 U.S. 552 (1988).  The burden of establishing substantial justification is on the government.  See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  For the government's position to be considered substantially justified, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court.  See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Here, the Commissioner has filed a response to counsel's motion indicating that it does not have any opposition.  See ECF No. 19.  Therefore, the Court finds that the Commissioner has not met the burden of establishing that its position was substantially justified and that, for this reason, an award of fees under the EAJA is warranted.  Further, the Court has reviewed the record and finds that Plaintiff's position was substantially justified.

/ / /

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

Here, as indicated above, the Commissioner does not object to the fees requested by counsel – $6,499.60. Given the amount of work involved with obtaining the remand in this case, the Court finds this amount to be reasonable.

Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015). This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015). As the government has not challenged an assignment, it may still offset any of Plaintiff's debt, and may discretionally reject the assignment, EAJA fees will be made payable to counsel.

///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's unopposed motion for award of fees under the EAJA, ECF No. 18, is GRANTED in full.

2.    Plaintiff is awarded $6,499.60 in attorney's fees, payable to Plaintiff's counsel subject to any offset of debts.

Dated:  March 24, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE